*E-filed 8/28/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERTO HERNANDEZ,

        Plaintiff,

  v.

TARGET CORP.,

        Defendant.

_____/

No. C 07-01971 HRL

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Re: Docket No. 19

United States District Court

For the Northern District of California

     Plaintiff sued in state court for personal injuries resulting from a collapsed chair in Target Corporation's food court.  Target removed based on diversity.  During initial disclosures, Plaintiff learned (for the first time) the name of the chair manufacturer.  He now moves to amend the complaint to include the manufacturer as a defendant.[1]

     Because Target has already served a responsive pleading, Plaintiff was required either to obtain leave of this court or written consent of Defendant.  FED.R.CIV.P. 15(a).  Plaintiff did not obtain the written consent of Target and did not properly notice this motion as required by Civil Local Rule 7-2.  However, the court is satisfied that Target does not object to it.  Therefore, it will be treated as if it were a properly noticed motion.

//

_____

[1] Although an initial Case Management Conference was held, no trial dates were set given Plaintiff's stated intention to amend the pleadings.

**United States District Court**
For the Northern District of California

1    A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a),

2    which provides that "leave shall be freely given when justice so requires."  This "policy is to be

3    applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

4    (9th Cir. 2001) (internal citations omitted).  In deciding whether to grant leave to amend, the

5    Court will consider several factors, including: (1) bad faith, (2) undue delay, (3) prejudice to the

6    opposing party, and (4) futility.  *Id.* at 712 (internal citations omitted).  There is no sign of bad

7    faith as the motion is a result of Plaintiff's recent discovery of the chair manufacturer's name.

8    Further, there is no undue delay given that the motion comes at a relatively early stage of the

9    case.  As noted above, Defendant does not object to this amendment.  Finally, amendment

10   would not be futile, since Plaintiff alleges the chair was defective.

11   Accordingly, the motion is GRANTED.  Plaintiff shall electronically file[2] an amended

12   complaint by September 4, 2007.

13

14   **IT IS SO ORDERED.**

15

16   Dated: 8/28/07

17   _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28   _____

[2] Plaintiff's counsel has been repeatedly notified to register for ECF.  If counsel does not do so immediately, sanctions pursuant to Local Rule 5-4 and General Order No. 45 will be considered.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Gail C. Trabish gtrabish@bjg.com, abraun@bjg.com

A COURTESY COPY WILL BE SENT TO:

Peter Michael Lazarus
Anthony R. Lopez and Associates
1745 North First Street
Suite 275
San Jose, CA 95112

* Counsel are responsible for providing copies of this order to co-counsel who have not
registered for e-filing.

Date:   8/28/07                                    /s/ KRO
                                    Chambers of Magistrate Judge Howard R. Lloyd